THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAX BURMAN, Appellant.

First Department, February 11, 1938.

*Maurice Edelbaum* of counsel [*Reilly & Edelbaum*, attorneys], for the appellant.

*Harris B. Steinberg* of counsel [*Philip A. Donahue, Deputy Assistant District Attorney*, with him on the brief; *William Copeland Dodge, District Attorney*], for the respondent.

PER CURIAM. We think the court sufficiently instructed the jury that they might not convict the defendants if the complaining witness lost his money in an honest card game, but that they might convict if the card game was a sham, or as the court expressed it " a flim-flam." Although this expression is one which is not commonly encountered in judicial proceedings, we think its significance was intelligible to the average juryman. If not clear, it was the right of the defendant to propose a request which the court could properly have charged. Each request proposed by the defendant reveals imperfections which precluded such a charge on account of the omission of any reference to some essential question of fact.

The judgment should be affirmed.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.; CALLAHAN, J., dissents and votes for reversal.

CALLAHAN, J. (dissenting). I dissent and vote to reverse the judgment of conviction, and order a new trial, on the ground that the trial court erred in failing to adequately present to the jury the issue as to whether the complaining witness parted with his money as the result of circumstances amounting to larceny, or in a gambling game in which he participated. In view of the evidence, and the inadequacy of the main charge, the refusal of the court to honor the defendant's requests to charge on this subject constituted reversible error.

Judgment affirmed.